**98–913.   State v. Green.**
Lucas C.P. No. 971450. On motion to supplement record. Motion granted.

**98–1428.   State ex rel. Youngstown City School Dist. Bd. of Edn. v. Youngstown.**
In Mandamus. Upon consideration of relator's motion for an order for respondents to show cause why they should not be held in contempt for failure to comply with our December 2, 1998 order,

IT IS ORDERED that respondents show cause why they should not be held in contempt of our December 2, 1998 order. Any evidence the parties intend to present on the contempt issue is due within thirty days; respondents' brief is due within twenty days after the submission of evidence; relator's brief is due within twenty days after the filing of respondents' brief; and respondents' reply brief is due within five days after the filing of relator's brief. See *State ex rel. Howard v. Ferreri* (1995), 72 Ohio St.3d 1543, 650 N.E.2d 903.

**98–1446.   Victoria Plaza L.P. v. Cuyahoga Cty. Bd. of Revision.**
Board of Tax Appeals, No. 96–B–641. On motion to withdraw as counsel by Thomas A. Kondzer and Kimberley A. Aldrich. Motion granted.

LUNDBERG STRATTON, J., dissents.

**98–2439.   Ricker v. John Deere Ins. Co.**
Franklin App. No. 97APE11–1505. On motion for admission *pro hac vice* of Edward B. Foley by Matthew D. Miko. Motion granted.

**99–93.   State v. Hanna.**
Warren C.P. No. 98CR17677. On motion to supplement record. Motion granted.

**99–769.   State v. Jones.**
Montgomery App. No. 17382. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated at page 2 of the court of appeals' Judgment Entry filed March 23, 1999:

"Does an arrest in violation of R.C. 2935.26 constitute an unreasonable seizure under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution, thereby requiring suppression of evidence seized as a consequence of the violation of that statute?"

RESNICK, J., not participating.

*Sua sponte,* this cause is consolidated with 99–613, *infra.*

RESNICK, J., not participating.

The conflict cases are *State v. Holmes* (1985), 28 Ohio App.3d 12, 28 OBR 21, 501 N.E.2d 629; *State v. Heideman* (June 23, 1988), Ross App. No. 1429, unreported, 1988 WL 69122; and *State v. Wilkinson* (Sept. 30, 1986), Huron App. No. H–85–27, unreported, 1986 WL 11411.

**99–827.   State v. Grigsby.**
Stark App. No. 1998CA00319. On motion for signature appeal bond. Motion denied.

**99–914.   State v. Childress.**
Cuyahoga App. No. 71956. On motion for leave to file delayed appeal. Motion denied.

**99–915.   State v. Franco.**
Madison App. No. CA97–08–035. On motion for leave to file delayed appeal. Motion denied.
PFEIFER and LUNDBERG STRATTON, JJ., dissent.

**99–921.   State v. Marshall.**
Richland App. No. 96CA108. On motion for leave to file delayed appeal. Motion denied.

**99–927.   State v. Carper.**
Fayette App. No. CA98–06–009. On review of order certifying a conflict. The court determines that a conflict exists on the following question stated in the court of appeals' entry filed April 16, 1999:

"Does Ohio's involuntary manslaughter statute (R.C. 2903.04[B]) as applied to a minor misdemeanor traffic offense which results in a vehicular homicide violate the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution?"

*Sua sponte,* cause held for the decision in 98–2144, *State v. Weitbrecht,* Holmes App. No. 97CA588; briefing schedule stayed.