**Cornell W. CHILDRESS, Jr., Petitioner–Appellant,**

v.

**Anthony J. BRIGANO, Warden, Respondent–Appellee.**

No. 00–4182.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

Cornell W. Childress, Jr., appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to guilty pleas Childress entered in the Cuyahoga County, Ohio, Court of Common Pleas in 1992, Childress was convicted of murder and attempted murder and was sentenced to concurrent terms of fifteen years to life imprisonment and ten to twenty-five years of imprisonment, respectively. The Ohio Court of Appeals affirmed the sentencing court's judgment. Subsequently, the Ohio Court of Appeals denied motions for delayed reconsideration and to reopen the appeal, *see State v. Childress,* No. 71956, 1998 WL 413762, at *1–4 (Ohio Ct.App. July 23, 1998), and the Ohio Supreme Court denied leave to file a delayed appeal. *State v. Childress,* 86 Ohio St.3d 1404, 711 N.E.2d 232 (Ohio 1999) (table).

Next, Childress filed his federal habeas petition, asserting as grounds for relief that: (1) the trial court failed to conduct a competency hearing; (2) insufficient evidence supports his murder conviction; (3) he received ineffective assistance of counsel; and (4) the sentencing court lacked jurisdiction absent a signed waiver of his right to a jury trial. The district court dismissed the petition sua sponte as barred by procedural default and denied Childress a certificate of appealability. Childress filed a timely notice of appeal. This court granted Childress a certificate of appealability with respect to whether the district court properly dismissed the petition on the basis of procedural default.

In his brief on appeal, Childress contends that the district court should not have assumed that the Ohio Supreme Court invoked a procedural default of his claims in the state courts. The state responds that the district court's judgment was proper. Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we affirm the judgment for the reasons stated by the district court in its memorandum opinion and order.

Generally, when a petitioner procedurally defaults federal constitutional claims in the state courts, federal habeas review is precluded unless petitioner can establish cause for the procedural default and prejudice attributable thereto. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). A peti-

**566**

tioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules. *See Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir.2000) (citing *Wainwright,* 433 U.S. at 87, 97 S.Ct. 2497). A four-part analysis is employed to determine whether a claim has been procedurally defaulted: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). The last explained state court judgment is used to make this determination. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803–05, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

■ Here, petitioner procedurally defaulted his federal habeas claims. The last explained state court judgment in this case is the most recent decision of the Ohio Court of Appeals, the case in which petitioner asserted his federal habeas claims. In that decision, the court held that neither petitioner's application for a delayed reconsideration nor his application for reconsideration was procedurally proper and rejected the filings on that basis. Thus, the district court did not err in finding that petitioner procedurally defaulted his claims. Moreover, petitioner has not attempted to show cause for the default and actual prejudice, or that the failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Under these circumstances, the district court properly dismissed the petition.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.